United States District Court
Southern District of Texas
**ENTERED**
July 14, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Thomas J. Mosele, *et al.*, § § Plaintiffs, § § *versus* § § Kenneth B. Mathis, *et al.*, § § Defendants. § | Civil Action H-21-1100 |

## Opinion on Dismissal

1. *Background.*

On January 24, 2017, Thomas J. Mosele had hip replacement surgery. He was sent home the next day. On January 28, Mosele went to the emergency room complaining of pain in his lower abdomen. Doctors removed part of his colon, which had been perforated.

Months later, Mosele and his wife, Elizabeth, discovered that Doctor Kenneth B. Mathis had inserted a screw in his pelvis during the hip replacement surgery. The screw passed through a hole in the pelvic bone and terminated in abdominal tissue near where Mosele's colon had been perforated.

On January 23, 2019, the Moseles sued Mathis in state court for: (a) assault and battery; (b) aggravated assault; and (c) fraudulent non-disclosure. The Moseles said that Mathis did not tell them that a screw might be needed to secure the hip replacement hardware. They also said that Mathis falsified the operative report to cover up that he had drilled into the pelvic bone and inserted a screw.

On March 5, Mathis moved to dismiss the case, arguing that he had performed the hip replacement in the course and scope of his employment at the University of Texas Health Science Center at Houston. On April 3, 2019, the state court judge dismissed the case. The Moseles did not appeal in state court.

On April 5, 2021, the Moseles sued Mathis and the State of Texas in this court. They have fourteen claims for relief. The Moseles broadly argue that: (a) Mathis and representatives of the State of Texas deprived them of due process rights; (b) Judge Weems was not impartial and permitted no discovery; (c) state actors "aided and abetted" Mathis in covering up that he had inserted a screw into Mosele's pelvis; (d) Mathis and other UTHSC physicians have falsified medical records; and (e) UTHSC has obstructed their rights as crime victims under the Victims' Rights and Restitution Act. The Moseles also ask this court to declare provisions of the Texas Tort Claims Act and Texas Medical Liability Act unconstitutional.

Mathis and the State of Texas have moved to dismiss. They will prevail.

2. *Section 1983.*

Section 1983 has no independent statute of limitations. Claims for relief are governed by the statute of limitations for personal injury actions in the forum state.[1] In Texas, the applicable limitations period is two years. It begins to run when the plaintiff learns, or has enough information to know, that he has been injured.

In their first claim for relief, the Moseles argue that the statute of limitations had not expired before they sued Mathis and the State of Texas in this court. Judge Weems signed the state court dismissal on April 4, 2019, and they filed their complaint within two years on April 5, 2021. The Moseles say their complaint was timely filed because April 4, 2021, was a Sunday, and the limitations period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.[2]

The Moseles are incorrect. The limitations period did not begin to run on the date that Judge Weems signed the state court dismissal. Because the

---

[1] *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018).

[2] Fed. R. Civ. P. 6(a)(1)(c).

claims in this case stem from the hip replacement, the two-year statute of limitations period began to run when Mosele learned, or had enough information to know, that he had been injured.

The Moseles have pleaded no specific date on which they learned that Mathis inserted a screw during the hip replacement surgery. The latest the Moseles could have learned about this was on January 23, 2019, when they sued in state court. The Moseles made the same argument in that forum: Mathis did not tell them that a screw might be needed to secure the hip replacement hardware. The limitations period expired – at the latest – on January 23, 2021.

The Moseles sued Mathis in this court on April 5, 2021, more than two months later. Their Section 1983 claim will be dismissed as time-barred.

3. *Jurisdiction.*

This court has no jurisdiction over collateral attacks on a state court judgment when: (a) the federal claims are intertwined with the challenged judgment or (b) the losing party in a state court case wants an appellate review of the judgment.[3] No federal court – other than the Supreme Court of the United States – can review, reverse, or modify a state court judgment absent explicit congressional authorization.

The Moseles effectively ask this court to review – and reverse – the state court's dismissal. In their second claim for relief, they complain that they were deprived of due process because Judge Weems was biased and permitted no discovery before dismissing their claims. If the Moseles were dissatisfied with this outcome, they should have appealed the dismissal to an intermediate appellate state court. They did not.

This court cannot review, reverse, or modify a state court judgment absent explicit congressional authorization. Only the Supreme Court of the

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

United States can — after challenges to the judgment have been heard in the state's intermediate and highest appellate courts.

This claim will be dismissed for lack of jurisdiction.

4. *Frivolous and False Contentions.*

In their ninth claim for relief, the Moseles say, under Section 105 Texas Civil Practice and Remedies Code, that "state actors aided and abetted the frivolous and false contentions, misapplication of law and violations of [their] rights."

Section 105 of the Code permits a party in a civil suit to recover fees, expenses, and attorney's fees if a state agency asserts a cause of action against them. Because no state agency has asserted a cause of action against the Moseles, Section 105 is inapplicable.

This claim will be dismissed.

5. *Fraud.*

In their twelfth claim for relief, the Moseles say that Mathis and other UTHSC physicians have falsified medical records. Fraud must be pleaded with particularity. The Moseles have pleaded merely legal conclusions, and they have offered no plausible facts to the applicable standard.

The Moseles also say that Mathis violated the False Claims Act. There are only two situations in which a private person may bring claims under the Act. First, if the private person is a whistleblower. Second, if the private person brings their claims as a government-approved relator. The Moseles are neither.

This claim will be dismissed.

6. *Restitution.*

In their thirteen claim for relief, the Moseles say that UTHSC physicians are obstructing the rights of crime victims under the Victims' Rights and

Restitution Act. The Moseles offer no facts to support their claim, and the Act creates no private cause of action. It is inapplicable.

This claim will be dismissed.

7. *Declaratory Judgments.*

The Moseles ask this court to declare various provisions of the Texas Tort Claims Act and Texas Medical Liability Act unconstitutional.

The Declaratory Judgement Act is not an independent source of federal jurisdiction, and it does not include an independent basis for relief. This court can issue a declaratory judgment when there is a judicially remediable right.[4]

No such right exists in this case. The Moseles have pleaded no facts to support their claims that the Acts are unconstitutional, and no judicially remediable rights remain in this case. This court is not the appropriate forum for the Moseles to express their dissatisfaction with the protections offered to state employees by state law.

These claims will be dismissed.

8. *Conclusion.*

Thomas J. Mosele and Elizabeth S. Mosele will take nothing from Kenneth B. Mathis and the State of Texas.

Signed on July 14, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[4] *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).